**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Juba Malou, | No. CV-25-00195-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Upward Projects Holdings LLC, | |
| Defendant. | |

Plaintiff Juba Malou accuses Defendant Upward Projects Holdings, LLC ("UP") of violating Title VII of the Civil Rights Act of 1964 by discriminating against him based on his race, color, and national origin. Before the Court are the parties' cross-motions for summary judgment. (Docs. 44, 47.) The motions are fully briefed. (Doc. 50, 52.) For the following reasons, Malou's motion is denied, and UP's motion is granted.

**I.      Background**

Malou is a Black, African American male, from South Sudan. (Doc. 1 ¶ 43.) UP hired Malou as Senior Payroll Manager on November 9, 2023. (Doc. 1 ¶ 9.) At a performance review on March 24, 2024, Malou's performance was rated 2.28 out of 5. (Doc. 44-3 at 46–54.) UP subsequently issued Malou a Performance Improvement Plan ("PIP") on April 18, 2024. (Doc. 44-4 at 2–4.) UP then terminated Malou's employment on April 23, 2024. (Doc. 1 ¶ 40.) Malou brought suit in January 2025 alleging one count of discrimination and one count of retaliation under Title VII. (Doc. 1.)

## II.    Motions for Summary Judgment

### A.    Legal Standard

Summary judgment is appropriate when there is no genuine dispute as to any material fact and, viewing those facts in a light most favorable to the non-moving party, the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it might affect the outcome of the case, and a dispute is genuine if a reasonable jury could find for the non-moving party based on the competing evidence. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party seeking summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record], if any, which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323 (quotation omitted). The burden then shifts to the non-movant to establish the existence of a genuine and material factual dispute. *Id.* at 324. The non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts" it must "come forward with specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal quotation and citation omitted). "If the nonmoving party fails to produce enough evidence to create a genuine issue of material fact, the moving party wins the motion for summary judgment." *Nissan Fire & Marine Ins. Co., Ltd. v. Fritz Companies. Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

In considering a motion for summary judgment, the court must regard as true the non-moving party's evidence, as long as it is supported by affidavits or other evidentiary material. *Anderson*, 477 U.S. at 255. However, the non-moving party may not merely rest on its pleadings; it must produce some significant probative evidence tending to contradict the moving party's allegations, thereby creating a material question of fact. *Id.* at 256–57

(holding that the plaintiff must present affirmative evidence to defeat a properly supported motion for summary judgment); *see also Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989) ("A summary judgment motion cannot be defeated by relying solely on conclusory allegations unsupported by factual data." (citation omitted)).

### B.      Analysis

#### 1.          Discrimination Claim

One way a plaintiff can establish discrimination is to "produce direct or circumstantial evidence demonstrating that a discriminatory reason 'more likely than not motivated' the employer." *Reynaga v. Roseburg Forest Prods.*, 847 F.3d 678, 691 (9th Cir. 2017) (quotation omitted).

In the alternative, a plaintiff may establish a prima facie case of race discrimination by satisfying the elements from *McDonnell Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973). To do so, a plaintiff must show that "(1) [he] belongs to a protected class, (2) he was performing according to his employer's legitimate expectations, (3) he suffered an adverse employment action, and (4) similarly situated employees were treated more favorably, or other circumstances surrounding the adverse employment action give rise to an inference of discrimination." *Reynaga*, 847 F.3d at 691. "The requisite degree of proof necessary to establish a prima facie case for Title VII . . . claims on summary judgment is minimal and does not even need to rise to the level of a preponderance of the evidence." *Davis v. Team Elec. Co.*, 520 F.3d 1080, 1090 (9th Cir. 2008) (quotation omitted).

Once a plaintiff makes out a prima facie case, the burden shifts to the defendant to provide a legitimate, non-discriminatory reason for the adverse employment action. *Vasquez v. Cnty. of Los Angeles*, 349 F.3d 634, 640 (9th Cir. 2003). If the employer can do so, the burden shifts back to the plaintiff to establish that the employer's reasoning is pretext for discrimination. *Id.* A plaintiff can prove pretext in two ways: (1) "indirectly, by showing that the employer's proffered explanation is 'unworthy of credence'" because it is internally inconsistent or otherwise not believable, or (2) directly, by showing that unlawful discrimination more likely motivated the employer. *Chuang v. Univ. of Cal.*

*Davis, Bd. of Trs.*, 225 F.3d 1115, 1127 (9th Cir. 2000) (quotation omitted).

Malou cannot establish a prima facie case of discrimination. The parties do not dispute that Malou belongs to a protected class or that he suffered an adverse employment action. Malou, however, has not shown that he was performing according to his employer's expectations and UP has shown that he was not. Additionally, Malou has identified no similarly situated employees that were treated more favorably.

There is no genuine dispute that Malou was not performing according to UP's legitimate expectations of a Senior Payroll Manager. Malou's coworkers repeatedly complained about his performance. (Doc. 44-3 at 14, 18, 32.) There are numerous documented instances of Malou's significant errors. (Doc. 44-2 at 67–68; Doc. 44-3 at 2–3, 5–11.) As a result, Malou received an overall low score on his performance evaluation, 2.28 out 5 (Doc. 44-3 at 46–54), and was put on a PIP (Doc. 44-4 at 2–4). Malou then refused to comply with that PIP. (Doc. 44-4 at 6–8, 10.) Malou has proffered no supporting evidence that creates a genuine issue of material fact as to whether he was performing according to UP's legitimate expectations. His briefing is interspersed with assertions that his performance was acceptable, but this is insufficient to carry his burden to establish a prima facia case of discrimination. *Bradley v. Harcourt, Brace and Co.*, 104 F.3d 267, 270 (9th Cir. 1996) (noting that "an employee's subjective personal judgments of [his] competence alone do not raise a genuine issue of material fact"). Thus Malou, has not established a prima facie case of discrimination

Even if Malou had done so, UP has provided a legitimate, non-discriminatory reason for Malou's termination and Malou has not established that the UP's reasoning is pretext. UP asserts that Malou was terminated because of his poor performance and insubordination. This is sufficient. *Hogan v. Henderson*, 102 F. Supp. 2d 1180, 1194 (D. Ariz. 2000) ("Poor employee performance is the quintessential legitimate, nondiscriminatory reason explaining an adverse employment action.").

Moreover, UP benefits from the same actor inference. "[W]here the same actor is responsible for both the hiring and the firing of a discrimination plaintiff, and both actions

occur within a short period of time, a strong inference arises that there was no discriminatory action." *Coghlan v. Am. Seafoods Co. LLC*, 413 F.3d 1090, 1096 (9th Cir. 2005) (quoting *Bradley*, 104 F.3d at 270–71). "[A]n employer's initial willingness to hire the employee-plaintiff is strong evidence that the employer is not biased against the protected class to which the employee belongs." *Id.* Here, Anoop Mathew, UP's Chief Financial Officer, and Sam Foos, UP's Chief People Officer, made the decision to hire Malou and also made the decision to fire him. (Doc. 44-2 ¶¶ 2, 7, 12, 40 (Mathew declaration)). This is additional evidence that UP's actions were not discriminatory or pretextual. *See Schechner v. KPIX-TV*, 686 F.3d 1018, 1027 (9th Cir. 2012) ("In light of the same-actor inference, we conclude that [plaintiffs] failed to present sufficient evidence of pretext to survive summary judgment.").

Because Malou has produced no evidence of intentional discrimination, and UP's evidence demonstrates that Malou was dismissed because of his professional performance, UP is entitled to judgment on this claim.

### 2.    Retaliation Claim

To establish a prima facie case of retaliation, a plaintiff must show "that he undertook a protected activity under Title VII, his employer subjected him to an adverse employment action, and there is a causal link between those two events." *Vasquez*, 349 F.3d at 646. "[O]nly non-trivial employment actions that would deter reasonable employees from complaining about Title VII violations will constitute actionable retaliation." *Brooks v. City of San Mateo*, 229 F.3d 917, 928 (9th Cir. 2000). Like in the discrimination context, if a plaintiff establishes a prima facie case, the burden then shifts to the defendant to proffer a legitimate, nonretaliatory reason for any adverse employment action taken. *Reynaga*, 847 F.3d at 693. If a defendant meets this burden, then the plaintiff has the ultimate burden of showing that the defendant's proffered reasons are pretextual. *Id.*

Even if Malou could establish a prima facie case of retaliation, his claim would still fail. Like for the discrimination claim above, UP has provided a legitimate, non-retaliatory

reason for Malou's termination and Malou has not established that the UP's reasoning is pretext. The analysis for the discrimination claim concerning Malou's work performance applies with equal force to this claim. Accordingly, UP is entitled to summary judgment on Malou's retaliation claim.

**IT IS ORDERED** that Malou's motion for partial summary judgment (Doc. 47) is **DENIED**, and UP's motion for summary judgment (Doc. 44) is **GRANTED**. The Clerk of the Court is directed to enter judgment accordingly and terminate the case.

Dated this 2nd day of June, 2026.

Douglas L. Rayes
Senior United States District Judge